IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PENNY WEINHOLD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| RSM US LLP, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

## COMPLAINT

For her Complaint against Defendant RSM US LLP ("Defendant"), Plaintiff Penny Weinhold ("Ms. Weinhold") states:

### PARTIES

1. Ms. Weinhold is a citizen and resident of Nashville, Tennessee, and a former employee of Defendant.

2. Defendant is an Iowa limited liability partnership with its principal place of business at 1 S. Wacker Drive, Chicago, Illinois 60606-4650. Defendant may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

### JURISDICTION AND VENUE

3. This is an action for equitable relief and damages for unlawful employment practices brought under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1343(a)(4). Venue is proper under 28 U.S.C. § 1391.

4. Ms. Weinhold has met all conditions precedent to the filing of this Complaint. She timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on September 21, 2020. The EEOC mailed her a Notice of Right to Sue on April 7, 2021.

**FACTS**

5. Ms. Weinhold is a 70 year-old female who worked for Respondent as a Director of Healthcare Advisory Services from November 30, 2017, until it discharged her effective May 1, 2020.

6. Ms. Weinhold was qualified for her job with Defendant and received excellent performance evaluations, pay increases, and praise for her work during her employment. She did not receive any disciplinary action or performance improvement plans.

7. Ms. Weinhold is an otherwise qualified individual with a disability within the meaning of the ADA. She had one or more impairments that substantially limited her in one or more major life activities.

8. Defendant knew of Ms. Weinhold's disability and medical restrictions, regarded her as having an impairment, and she had a record of having an impairment.

9. On October 22, 2018, Ms. Weinhold was seriously injured in a car accident while traveling for Defendant for work when a tractor trailer struck her vehicle. She suffered a serious concussion and lost her sense of balance, among other things.

10. Ms. Weinhold returned to work for Defendant in late December 2018 or early January 2019 with physician-imposed medical restrictions, including but not limited to limiting her travel and driving, working in a quiet environment without bright lights, and taking periodic breaks, among other things.

11. Notwithstanding her impairment, Ms. Weinhold was qualified for and able to perform the essential functions of her job for Defendant, with or without reasonable accommodation.

12. Ms. Weinhold requested reasonable accommodations from Defendant, including but not limited to limiting her work travel, allowing her to continue to work in an individual quiet office rather than in an open "bullpen" area, and taking period breaks, among other reasonable accommodations commensurate with her physician's medical restrictions.

13. Certain supervisory and Human Resources employees of Defendant expressed disdain over the fact that Ms. Weinhold had returned to work with medical restrictions "at her age" and about her requested reasonable accommodations, including Allen Dunn, Milton Marcotte, Randy Notes, Jim Sink, and Shauna Weber. Each of these individuals made certain discriminatory statements to and about Ms. Weinhold, including to her immediate supervisor, Alice Khosravy, regarding her disability, age, and/or requests for reasonable accommodations.

14. Defendant's supervisory employees repeatedly asked Ms. Weinhold "why" she came back to work after her car accident and "why" she did not "just retire." For example, Mr. Marcotte repeatedly stated to Ms. Khosravy, "Do you think she is even coming back to work after that? At her age, she should retire" and indicated that he did not want her to return to work.

15. Nearly a year after she had returned to work, Mr. Dunn, who was Defendant's Managing Partner in Nashville, was upset about, expressed his opposition to, and repeatedly attempted to deny and to revoke Ms. Weinhold's accommodations. For example, in late 2019, he took away her individual office and forced her back into the bullpen or open work area, despite her medical restrictions.

16. Human Resources Director Weber expressed opposition to various supervisors about Ms. Weinhold's requested reasonable accommodations.

17. Mr. Marcotte and Mr. Notes expressed that they wished Ms. Weinhold had never returned to work and made discriminatory and retaliatory statements evidencing a desire to terminate her employment because of her disability, age, and/or requests for reasonable accommodation.

18. Mr. Sink repeatedly made statements indicating that he believed younger employees were more productive and that he wanted younger employees working on his team.

19. Ms. Weinhold opposed Defendant's discriminatory and retaliatory conduct to those whom she knew to be engaging in it and also reported it to her supervisor, Ms. Khosravy, and to another Human Resources Director, Eric Simonton.

20. Defendant failed and refused to take prompt and appropriate corrective and preventative action in response to Ms. Weinhold's discrimination complaints. It further never followed up with her or informed her of any resolution of her complaints. As a result, the discriminatory and retaliatory conduct continued.

21. Defendant took away many of Ms. Weinhold's job duties and responsibilities and gave them to nondisabled and substantially younger employees who had not opposed and reported discrimination. It further gave Randy Notes credit for contracts and billable work that Ms. Weinhold had worked on and performed and for which she should have received credit.

22. On April 21, 2020, Defendant informed Ms. Weinhold that it was terminating her employment effective May 1, 2020.

23. Ms. Weinhold was the oldest Director of Healthcare Advisory Services, among six to eight other Directors, in the company. The other Directors were primarily in their 30s and 40s. Ms. Weinhold was the only Director over age 60.

24. Ms. Weinhold was the only Director of Healthcare Advisory Services whom Defendant discharged in the spring of 2020, despite her superior qualifications, experience, and job performance.

25. Defendant replaced Ms. Weinhold with Connie Lockhart, a nondisabled, younger individual who was less qualified and less experienced.

26. Defendant further treated Ms. Weinhold differently and less favorably in the terms and conditions of employment than nondisabled and/or substantially younger employees, including but not limited to Michael Brown, Ryan Smith, and Will Iker, because of her disability, age, requests for reasonable accommodation, and/or opposition to discrimination. For example, Defendant did not discharge but provided similarly situated, nondisabled and/or substantially younger employees and employees who did not request reasonable accommodation and/or oppose discrimination continued employment opportunities that it did not provide her.

27. Defendant originally stated that Ms. Weinhold was being laid off for economic reasons and an alleged "lack of work." It later stated or indicated that it terminated her employment due to her "performance." These reasons were false and pretexts for disability and age discrimination and/or retaliation for requesting reasonable accommodations and/or opposing and reporting discrimination.

28. Defendant did not discharge and hired, retained, transferred and/or promoted less qualified and less experienced non-disabled and/or substantially younger employees in job positions that they did not offer or provide Ms. Weinhold.

29. After it discharged her, Defendant continued to retaliate against Ms. Weinhold for opposing discrimination. After she complained of disability and age discrimination and retaliation through an attorney on May 13, 2020, Defendant attempted to interfere with her business and employment relationships and opportunities with third parties by sending threatening letters and treating her differently and less favorably than other former employees who had not opposed and reported discrimination.

30. As described above, Defendant discriminated against Ms. Weinhold in the terms, conditions, and privileges of employment, subjected her to disparate treatment, discharged and failed and refused to retain her in any capacity as an employee because of a disability within the meaning of the ADA and/or because of her age, in violation of the ADA and/or the ADEA.

31. As described above, Defendant retaliated against Ms. Weinhold and subjected her to adverse employment actions for requesting reasonable accommodations and/or for opposing and reporting disability and/or age discrimination and retaliation, in violation of the ADA and/or the ADEA.

32. Defendant's conduct as described in this Complaint was willful, malicious and/or recklessly indifferent to Ms. Weinhold's federally protected rights, entitling her to liquidated and punitive damages.

33. As a direct result of Defendant's discriminatory and retaliatory conduct, Ms. Weinhold has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

## RELIEF REQUESTED

WHEREFORE, Ms. Weinhold respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life;

4. Front pay and damages for lost benefits;

5. Punitive damages;

6. Liquidated damages;

7. Attorneys' fees, costs and litigation expenses;

8. Prejudgment interest and, if applicable, post judgment interest; and

9. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

s/Douglas B. Janney III
Douglas B. Janney III (BPR No. 19112)
Law Office of Douglas B. Janney III
2021 Richard Jones Road, Suite 310A
Nashville, Tennessee 37215
(615) 742-5900
doug@janneylaw.com

Attorney for Plaintiff